## THE BREMER COUNTY BANK v. MORES.

1. **Pleading:** INDUCEMENT: PROOF. In an action on an account, allegations in the petition in relation to the agreement under which the account arose need not be proved,— the agreement being stated merely as a matter of inducement.

2. **Banking:** PAYING CHECKS BEYOND PRESCRIBED LIMIT: LIABILITY OF DRAWER. A direction to a bank by a customer, not to permit his account to be overdrawn beyond the amount secured by a note pledged as collateral, does not relieve such customer from liability upon checks drawn by his authority beyond such limit; and the bank is not bound to inquire what use is made of the money by the person drawing the checks.

*Appeal from Bremer District Court* — HON. G. W. RUDDICK, Judge.

THURSDAY, OCTOBER 27.

ACTION to recover balance due plaintiff upon a bank account kept with it by defendant. There was a judgment upon a verdict for plaintiff; defendant appeals.

*Gibson & Dawson*, for appellant.

*E. L. Smalley*, for appellee.

BECK, J. — I. The petition alleges that plaintiff made an arrangement with defendant to furnish him money to be used in carrying on the creamery business, in which he was engaged, and thereupon plaintiff opened a bank account with defendant, and paid checks, drafts, and other evidences of indebtedness, made in prosecuting the creamery business, and charged the same in defendant's account, and credited him with all money deposited; and that upon this account a large

balance is due plaintiff, for which it asks judgment. The account is made a part of the petition. The defendant in his answer denies that he *personally* checked or drew any money from plaintiff's bank which is charged in the account; alleges that he executed with another a promisory note to plaintiff, for a large sum, which was delivered as a deposit or as "collateral" to the account; and that he notified plaintiff that it must not allow his account to be overdrawn, or allow a greater sum to be drawn than would be paid by the note, and for any such overdraft defendant would not be liable. It is alleged in an amended petition that the creamery business was conducted by defendant in connection with another, the same person who had signed the note with defendant, and that such person was authorized to draw, and did draw, checks against defendant's bank account, which was balanced monthly, and reported to defendant, and the checks surrendered, and the balance assented to by defendant, and the person connected with him in business, except those for the last two months of the business. Other allegations of the pleadings need not be recited.

II. It is urged by defendant's counsel that the verdict is not sustained by the evidence, and that the court erroneously overruled a motion for a new trial based upon

1. PLEADING: inducement: proof. this ground. In support of their position, counsel insist that, as the evidence wholly failed to show an arrangement between the parties alleged in the petition, to the effect that plaintiff was to furnish money to defendant for his creamery business, the cause of action was not established. But the action is not brought on the agreement or arrangement, as it is called, but upon the account. If the checks or drafts upon which plaintiff paid money were drawn under proper authority of defendant, an implied contract arose, by which defendant was bound to pay any balance accruing on the account. What is alleged as to the arrangement is not the cause of action, but is averred as an inducement, showing defendant's obligation to pay the balance due on the account.

III. It is argued that, as there is no conflicting evidence

upon defendant's defense, based upon the allegation of his answer to the effect that he had notified plaintiff not to permit his account to be overdrawn beyond the amount which would be paid by the deposit made by the promissory note, which was credited thereon, the plaintiff cannot recover; and, in view of the fact that there is no conflict of evidence upon this branch of the case, the verdict ought to have been set aside. But defendant's counsel fail to consider another aspect of the case. It is not disputed that the person drawing the checks was doing business for or with defendant, and was authorized to draw them. There is no claim that this authority was withdrawn. The case, then, is this: Defendant notified plaintiff not to pay checks drawn by his authority. Such checks were binding upon defendant, whether he had or had not a balance in the bank. He could not, by a mere notice to plaintiff not to pay after a certain limit was reached, defeat the rights of holders of such checks, and the right of plaintiff to pay and charge them to defendant's account. If there existed want of consideration, or any other legal or equitable grounds for arresting payment, he could require plaintiff to refuse it. But if the checks were drawn by authority in the prosecution of the business with which defendant was connected, and he availed himself of the benefits of such checks, he cannot refuse to account for them, even though they exceeded the limit prescribed in his notice to plaintiff. These views are based upon the plainest principles of law and equity. They are substantially expressed in instructions to the jury.

*2. BANKING: paying checks beyond prescribed limit: liability of drawer.*

IV. It is urged that, as the evidence does not show what disposition was made of the money by the person drawing the checks, it fails to establish defendant's liability. But if the checks were drawn by authority of defendant in the prosecution of defendant's business, plaintiff was not required to inquire what disposition was made of the money received thereon.

*THE SAME.*

V. Two instructions, the fifth and sixth, given to the jury,

were excepted to, and are now made grounds of objection to the judgment. They are in accord with the views we have expressed above. Counsel for defendant, if we rightly understand their printed argument, say that the court in the instruction held, "that the defense presented by the defendants was notice to the proper officer of the bank not to allow the account to be overdrawn." We find nothing in the instructions excepted to to this effect. We think that counsel's argument on this branch of the case seems to be deprived of force by its failure to state correctly the effect of the instructions assailed.

In our opinion the judgment of the district court ought to be                                         Affirmed.